UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIFFANY A. BROWN<br>*Plaintiff* | : | CIVIL ACTION NO. 3:23-CV-01488-VAB |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT,<br>*Defendants* | : | DECEMBER 27, 2023 |

PARTIES PLANNING MEETING REPORT

| | |
|---|---|
| Date Complaint Filed: | November 10, 2023 |
| Date Complaint Served: | November 16, 2023 |
| Date of Defendant' Counsel's Appearance: | December 4, 2023 |
| Responsive Pleading Due: | January 27, 2024 |

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, undersigned counsel for the parties conferred by email and telephonically from commencing in December 2023 and continuing until today. The participants were Thomas W. Bucci for the Plaintiff, Assistant Attorney General Matthew Konowe for Defendant.

I.   CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsels further certify that they have forwarded a copy of this report to their clients.

II.   JURISDICTION

    A.   SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over plaintiff's Title VII claim against the Defendant pursuant to Title 28 U.S.C. § 1331, Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. § 1343(a)(4), Title 28 U.S.C. § 1367, Title 28 U.S.C. § 2201(a), and Title 42 U.S.C. §2000e-5(0.

B.   PERSONAL JURISDICTION

Personal jurisdiction is not contested.

III.   BRIEF DESCRIPTION OF CASE

This complaint is brought pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C.§ 2000e ("Title VII"). The Plaintiff alleges discrimination and discharge from employment on the basis of gender, race and color, and retaliation because of her opposition to race and color discrimination.

A.   CLAIMS OF PLAINTIFF

The plaintiff claims that the defendant refused to renew her employment as a professor on a tenured track because of her race, color, and gender in violation of Title VII of the Civil Rights Act of 1964, as amended. The plaintiff also asserts that the defendant constructively discharged her from her employment on account of the plaintiff's race, color, and gender in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended. Further, the plaintiff contends that because of her gender and/or race, the defendant paid her compensation which was substantially less than the compensation it paid to two male employees and a Hispanic female employee who were, in all material respects, similarly situated to the plaintiff in violation of the provisions of the Title VII of the Civil Rights Act of 1964, as amended. In addition, the plaintiff claims that she has been the victim of unlawful retaliation to which she has been subjected by the defendant when it (1) refused to renew her contract of employment for the 2023-2024 academic year; (2) subjected her to a baseless investigation of her supposed misconduct; and (3)

constructively discharged her from her position as a tenure track Assistant Professor because she had opposed the race and color discrimination to which she had been subjected by the defendant in violation of the provisions of the Title VII of the Civil Rights Act of 1964, as amended

    B.    DEFENSES AND CLAIMS OF DEFENDANT

The Defendant denies any wrongdoing. More specifically, the Defendant denies it violated any of the Plaintiff's rights. The Defendant asserts that it exercised reasonable care to prevent and correct promptly any discriminatory, hostile, or retaliatory behavior; and that the Plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise, including the Plaintiff voluntarily resigning. The Defendant had legitimate, non-discriminatory reasons for its actions. The Defendant sought an extension of time to file a responsive pleading (Doc. #11), which was granted on December 5, 2023 (Doc. #12). Defendant's response to the Complaint is currently due by January 27, 2024. Defendant reserves the right to assert further defense as they become apparent.

IV.    STATEMENT OF UNDISPUTED FACTS

    Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following facts are not disputed:

    1. The Plaintiff was employed as an Assistant Professor by the University of Connecticut.

V.    CASE MANAGEMENT PLAN

    A.    STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as listed below in subsection E.

B. SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. EARLY SETTLEMENT CONFERENCE

The parties will confer regarding whether to seek an early settlement conference.

If a settlement conference is scheduled in the future, the parties prefer a settlement conference with a United States Magistrate Judge. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1. Following its appearance, the Defendant moved for a Motion for Extension of Time to file a responsive pleading to the Complaint on December 4, 2023 (Doc. #11). This motion was granted on December 5, 2023 (Doc. #12). Defendant reserves the right to assert further defense as they become apparent.

E. DISCOVERY

The parties anticipate that discovery will be needed on the following subjects: all of the plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties, and damages.

    1. The parties anticipate that discovery will be needed on the following subjects:

        a. All subjects and issues fairly arising out of Plaintiffs' complaint including, but not limited to, claims for damages; and liability.

        b. All subjects and issues fairly arising out of Defendant's defenses to Plaintiff's claims including, but not limited to, Defendant's affirmative defenses and denial of claims for damages.

       c.       The parties reserve the right to conduct discovery based upon any additional facts discovered. The parties also reserve the right to make appropriate objections to any discovery requests with respect to the aforementioned subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence immediately, and will be completed (not propounded) by **October 30, 2024**.

3. Discovery will not be conducted in phases.

4. The parties have agreed to waive initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

5. The parties anticipate that Plaintiff will require approximately three (3) depositions of fact witnesses and Defendant will require approximately three (3) depositions of fact witnesses. The depositions of fact witnesses may commence at any time after the entry of this Scheduling Order by the Court and will be completed by **October 30, 2024**.

6. The parties may request permission to serve more than twenty-five interrogatories.

7. Plaintiffs may call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **July 30, 2024**, a date not later than three months before the deadline for completing all discovery. Depositions of such experts will

be completed by **August 30, 2024**, a date not later than two months before the deadline for completing all discovery.

8. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **September 30, 2024**, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by **October 30, 2024**, a date not later than the discovery cutoff date.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **April 30, 2024**.

10. Undersigned counsel has discussed the disclosure and preservation of electronically stored information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information. Unless otherwise agreed upon by the parties or ordered by the Court, both parties will make available any documents (if requested in the discovery process and otherwise non-objectionable) in electronic format and available for inspection in hard copy format for inspection by the other party or for copying at the other party's expense. The parties reserve the right to make appropriate objections to any discovery issued in accordance with the Federal Rules of Civil Procedure and applicable case law. Both sides agree to instruct the parties to preserve electronically stored records relating to this litigation. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. If one party receives (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, such party must provide written notification to the other party within 15 calendar days of the receipt of the same identifying such information and/or attaching such document(s) thereto. In response, the disclosing party has 15 calendar days to provide written notification to the non-disclosing party that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s). Alternatively, if the disclosing party is the one who initially learns that it has produced (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, the disclosing party must provide written notification to the other party within 15 calendar days of learning of the same that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s).

Upon the receipt of any attorney-client privilege or work-product protection claim from the disclosing party, the non-disclosing party must (within 15 calendar days of the receipt of the assertion of such claim) either: (a) agree in writing to the disclosing party's assertion of such claim and return to the disclosing party any original document(s)(and destroy and not retain any copies of such original document(s)) and never make use of or otherwise disclose or

publicize in any manner during the course of the litigation or otherwise any such document(s) or information that is the subject of such claim; or (b) inform the disclosing party in writing that it objects to the assertion of such claim. If the non-disclosing party objects or fails to respond to the assertion of such claim, then the non-disclosing party agrees not to make use of or otherwise disclose or publicize in any manner any such document(s) or information that is the subject of such claim until the Court is afforded the opportunity to review and decide upon such claim in response to the disclosing party's request for adjudication of such claim by the Court.

    F.    DISPOSITIVE MOTIONS

Dispositive motions will be filed on or before **January 24, 2025** or sixty (60) days after discovery closes, whichever is later.

    G.    JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **June 10, 2025**, or sixty (60) days after this court rules on any summary judgment motions, whichever is later.

VI.    TRIAL READINESS

The case will be ready for trial by **September 25, 2025**, or sixty (60) days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

                                                    PLAINTIFF

                                                    TIFFANY A. BROWN

By:  /s/ Thomas W. Bucci  
    Thomas W. Bucci  
    Willinger, Willinger & Bucci, P.C.  
    1000 Bridgeport Avenue  
    Suite 501  
    Shelton, CT  06484  
    Tel: (203) 366-3939  
    Federal Bar No. ct07805  
    Email:  thomaswbucci@outlook.com

DEFENDANT

UNIVERSITY OF CONNECTICUT

WILLIAM TONG  
ATTORNEY GENERAL

By: /s/ *Matthew Konowe*  
    Matthew Konowe  
    Assistant Attorney General  
    Employment Section  
    165 Capitol Avenue, Suite 5000  
    Hartford, CT 06106  
    Tel:  (860) 808-5340  
    Fax: (860) 808-5383  
    E-mail: Matthew.Konowe@ct.gov  
    Federal Bar # ct31335

**CERTIFICATION**

I hereby certify that on December 27, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Matthew Konowe*
Matthew Konowe (# ct31335)
Assistant Attorney General